# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                                    Criminal No. 09-68 RHK/AJB

        Plaintiff,

v.                                                           **REPORT AND RECOMMENDATION**

Anthony Akeum Abari,

        Defendant.

      Richard Newberry, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

      Reynaldo A. Aligada, Jr., Esq., Assistant Federal Defender, for defendant Anthony Akeum Abari.

This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on October 27, 2009, at the U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101. Testimony was presented and exhibits were received at the hearing with regard to suppression of statements, search and seizure evidence, and DNA evidence.

Based upon the file and documents contained therein, along with testimony and exhibits presented at hearing, the Magistrate Judge makes the following:

**Findings**

      **Statements.** Minneapolis Police Sgt. Gregory James Freeman conducted an interview of defendant Anthony Abari on February 6, 2008. The interview was undertaken as part of an investigation into an alleged firearm possession violation by Mr Abari. The defendant had been arrested that same day and was in police custody. The interview took place in a small room at the Hennepin County Jail which contained a table and two chairs. Sgt. Freeman and defendant Abari were present in the room. The officer was unarmed and the defendant was not

kept in restraints. Prior to questioning, Sgt. Freeman identified himself, stated the purpose of the interview, and read the Miranda advisory from a pre-printed card. The defendant understood the purpose of the interview and no threats or promises were made to induce his cooperation. Mr. Abari made no request for the assistance of an attorney before or during the interview,[1] he did not assert his right to remain silent before or during questioning, and he did not ask for food or beverage. The defendant appeared relaxed when the interview commenced, though discussion became somewhat intense as the questioning progressed. The entire interview was audio recorded (Gov't Hrg. Ex. 1).

**DNA Search Warrant.** On February 6, 2008, Hennepin County District Court Judge Patricia Belois issued a warrant authorizing the seizure of a DNA sample from the body of Anthony Akeum Abari (Gov't Hrg. Ex. 3). The search warrant identified the object of the warrant as a known DNA sample from Anthony Akeum Abari, a person in custody on weapons and narcotics charges. The warrant was issued on the basis of information contained in the Affidavit of Minneapolis Police Sgt. Gregory Freeman wherein it was stated that the known DNA sample was requested to allow comparison to a sample that was obtained from a firearm that was recovered in the investigation in this matter.

**Search and Seizure.** Minneapolis Police Officer Christopher Tucker was assigned as a beat officer for the 4th Precinct, Broadway Ave. area in Minneapolis, Minnesota, at times pertinent to this action. On December 2, 2008, Officer Tucker was engaged in surveillance of activities taking place near the Amstar gas station/convenience store at 1604 Broadway. The

---

[1] A passing reference to having a lawyer present for a statement (Gov't Hrg. Ex. 1, at 7 minutes and 32 seconds on the audio CD) was not a request by the defendant that an attorney be present during questioning, either explicitly or by reasonable inference.

officer was using binoculars to view the business location from a second floor window of a nearby community center building (Def. Hrg. Ex. 1). During the late afternoon on December 2, 2008, Officer Tucker watched defendant Anthony Abari entering and leaving the convenience store and generally hanging around outside in the vicinity of the store. At approximately 5:00 p.m. the officer observed the defendant and another individual meet and go to an SUV that was parked at gas pump 5. The vehicle was parked such that it was broadside to the surveillance officer, with the entire passenger side visible to him. Mr. Abari entered the front passenger seat of the vehicle, leaving the door open. He showed a larger plastic bag to the other person, who remained standing outside the vehicle, in front of the rear door. The individual appeared to give cash to the defendant in exchange for smaller cellophane packages that Abari took out of the larger bag. Officer Tucker witnessed the apparent drug transaction through binoculars from a distance of 50-60 feet. When he saw the money being displayed, Officer Tucker promptly called additional officers who were waiting nearby, and he gave a running account of his observations while continuing to watch through the binoculars. The officer provided descriptions of the presumed drug purchaser and the defendant, who was wearing a black parka with a fur lined hood. Within 30 seconds after walking away from the SUV, the buyer was stopped by an officer. Meanwhile, the defendant remained seated in the SUV. When Abari saw the customer being apprehended, he was observed acting in a manner such that he appeared to be pushing something into his coat or under the seat, and he thereafter quickly removed his parka and left it on the car seat while getting out of the vehicle. Officer Suchta took the defendant into custody as he was standing just outside the SUV. Officer Suchta also seized the defendant's parka from the vehicle. In a search conducted subsequent to the arrests, a bag containing marijuana was

found on the purchaser. The owner and driver of the SUV was arrested for driving after suspension and marijuana possession. The vehicle was searched pursuant to Minneapolis Police Department policy on warrantless vehicle searches (Gov't Ex. 2),[2] and a bag containing marijuana, along with identifying items relating to defendant Abari, were found where the parka had fallen in the SUV. A firearm was found in the parka.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**Interview Statements.** Defendant Anthony Akeum Abari's recorded custodial statements to Minneapolis Police Sgt. Freeman pursuant to interview and questioning at the Hennepin County Jail on February 6, 2008, were provided voluntarily and were not obtained in violation of the defendant's constitutional rights. Defendant was properly advised and was able to understand and comprehend his rights pursuant to Miranda as accurately presented to him from a written statement of rights card. He was not subjected to force, threats, or promises in exchange for his statements, and he effectively waived his right to remain silent and his right to the assistance of counsel. Upon considering the totality of circumstances, the Court is persuaded that defendant's will was not overborne; and he knowingly, intelligently, and voluntarily waived his right to remain silent and his right to have an attorney present during questioning. Moreover, and in response to defendant's contention with regard to this matter, the defendant's cursory reference to a lawyer was not an unequivocal request for the assistance of an attorney and was not made with the intent of invoking the right to an attorney's presence during questioning.

---

[2] Policy No. 9-206 addresses searches incident to arrest and inventory searches, as well as other circumstances in which a search may be warranted.

United States v. Kelly, 329 F.3d 624, 630 (8th Cir. 2003)(citing Davis v. United States, 512 U.S. 452, 455 and 459-61, 114 S.Ct. 2350 (1994)). There was no requirement that the Miranda warning be re-read following the lawyer reference. Suppression of defendant's interview statements is not required.

**Search Warrant** Evidence seized pursuant to a warrant to seize a DNA sample from the body of Anthony Akeum Abari, (Gov't Hrg. Ex. 3), was not unlawfully obtained in violation of the constitutional rights of defendant. The warrant was issued on February 6, 2008, and was based upon sufficient probable cause as stated in the Affidavit of Minneapolis Police Sgt. Gregory Freeman and as determined by Hennepin County District Court Patricia L. Belois. The warrant properly and sufficiently identified the person and the subject of the seizure and stated a nexus between the object of the warrant and the alleged offense in this case. The search warrant in this matter was lawfully issued and there is no requirement for suppression of DNA evidence seized pursuant to the warrant.

**Vehicle Search.** Suppression of evidence seized from the black SUV at the time of defendant Anthony Akeum Abari's arrest is not required. The search of the vehicle was lawfully conducted pursuant to the automobile exception to the warrant requirement which permits warrantless search when there is probable cause to believe the vehicle contains contraband. United States v. Sample, 136 F.3d 562, 564 (8th Cir. 1998). Probable cause existed in this instance as a result of defendant having been observed conducting an apparent drug transaction while as seated in the vehicle only moments earlier. In addition, the search was lawfully conducted incident to defendant's arrest. See United States v. Goodwin-Bey, __ F.3d __, 2009 WL 3448177, *2 (8th Cir., October 28, 2009). Defendant Anthony Akeum Abari's

motion to suppress evidence obtained by search of a vehicle should be denied.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Anthony Akeum Abari's Motion to Suppress Statements be **denied** [Docket No. 18];

2. Defendant Anthony Akeum Abari's Motion to Suppress Fruits of Unlawful Arrest and Search and Seizure be **denied** [Docket No. 19]; and

3. Defendant Anthony Akeum Abari's Motion to Suppress Fruits of Unlawful Search, seeking suppression of DNA evidence, be **denied** [Docket No. 39].

Dated: ___November 19, 2009___

                                                     s/Arthur J. Boylan
                                                    Arthur J. Boylan
                                                    United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before December 3, 2009.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.